Filed 9/30/22 P. v. Green CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094752 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF202660, CRF202486) |
| v. | |
| JORDAN IAN GREEN, | |
| Defendant and Appellant. | |

Defendant Jordan Ian Green entered a plea agreement to resolve two felony cases, pleading guilty to unlawful taking of a vehicle and second degree robbery. At sentencing, the trial court imposed the upper term on the robbery conviction, relying on the factual basis of defendant's plea, as well as his prior felony convictions. Defendant appeals, arguing the trial court's imposition of the upper term sentence is no longer valid in light of the changes made to Penal Code[1] section 1170 by Senate Bill No. 567 (2021-2022 Reg. Sess.). We disagree and affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

1

BACKGROUND

This appeal involves two cases, and the probation department filed a pretrial release report for each case. The report for the first case (CRF202486) stated that on November 16, 2020, defendant was arrested while driving a stolen car and was found with, inter alia, shaved keys, a glass pipe, and a bat with metal spikes. Defendant was charged with unlawful taking of a vehicle, receiving a stolen vehicle, unlawful possession of a billy, and misdemeanor possession of drug paraphernalia.

The report for the second case (CRF202660) stated that on December 3, 2020, defendant met his ex-girlfriend in a parking lot; pulled her out of her car by her hair; dragged her 30 feet; punched her in the head; kicked her in the back and side so hard it caused her to urinate; and then defendant took her purse and vandalized her car. Defendant was charged with second degree robbery, inflicting corporal injury on a partner resulting in a traumatic condition, and misdemeanor vandalism.

Both reports stated defendant had three prior felonies -- two in 2019 -- along with four prior misdemeanors. These convictions were also reflected in the probation department's presentence reports.

On January 13, 2021, defendant pled no contest to unlawful taking of a vehicle in the first case and second degree robbery in the second case. Defendant stipulated to the "pretrial release reports that were prepared by the Probation Department" as the factual basis for the pleas. The trial court continued sentencing so defendant could attend a treatment program; the prosecutor would seek probation if defendant completed the program. Appellant was released from custody on February 3, but failed to appear for the review hearing on February 8, and failed to complete the treatment program.

Sentencing was held on August 9, 2021. The trial court stated it "look[ed] at [defendant's] previous criminal history" and determined "he basically has three prior felony convictions before we get to these cases," so "[t]hese are felonies number four and

2

number five on his record," as well as "two violations of probation." Thus, the court did not "see [defendant] as being a low-term candidate."

The court then "look[ed] at the overall offense here. As far as a 211 goes, this is a rather serious offense." "He viciously beat[] this woman." The court then described the specific facts of the crime, including that defendant used "a horrific amount of force" to kick the victim. Thus, "[g]iven the overall gravity of this offense, with the previous history of [d]efendant, I believe that a significant sanction is in order on this case. Again, these are felonies number four and five. [¶] Five years is recommended. And I believe that, given the overall picture of criminal history, the convictions as an adult are numerous and of increasing seriousness, he was on two grants of probation at the time, and it shows a great deal of callousness, the crime that he did commit, and viciousness." The trial court then sentenced defendant to the upper term of five years for robbery and eight months (one-third midterm) for unlawful taking of a vehicle, for a total term of five years eight months. The court also found defendant had "credit of 71 plus 10 for 81" days for the robbery conviction and "four plus zero for four" days for the unlawful taking of a vehicle conviction.

## DISCUSSION

### I

*Senate Bill No. 567*

The parties agree Senate Bill No. 567 applies retroactively to defendant because defendant's judgment was not final on January 1, 2022, when Senate Bill No. 567 became effective. (See § 1170, subd. (b), as amended by Stats. 2021, ch. 731, § 1.3.) Defendant contends the matter must be remanded for resentencing because the aggravating circumstances relied on by the trial court when imposing the upper term were not stipulated to by defendant, found true by a jury beyond a reasonable doubt, or contained in a certified record of conviction. We agree Senate Bill No. 567 applies retroactively but find remand unnecessary.

## A

### *Senate Bill No. 567 Applies Retroactively*

Senate Bill No. 567 amended section 1170, subdivision (b), to provide that the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Under amended section 1170, subdivision (b)(3), a trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." This change aims to protect a defendant's right to a jury trial by ensuring the trial court does not impose an upper term "without granting defendants the opportunity to have a jury review and determine the truthfulness of alleged aggravating facts." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4.)

According to the principle established in *In re Estrada* (1965) 63 Cal.2d 740, an ameliorative change in law applies retroactively to nonfinal judgments in the absence of an express statement to the contrary by the Legislature. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) A judgment becomes final when it has reached final disposition in the highest court authorized to review it. (*People v. Rossi* (1976) 18 Cal.3d 295, 304.) Here, defendant's judgment is not yet final, nor did the Legislature expressly prohibit the retroactive application of the bill. Thus, Senate Bill No. 567 applies retroactively to defendant's case.

## B

### *Remand Is Unnecessary*

The People contend remand is unnecessary because the trial court relied on defendant's prior criminal history and facts defendant pled to in order to impose the upper term. In the alternative, the People contend any error in failing to apply Senate Bill

4

No. 567 was harmless because upon remand, the aggravating factors will clearly be found true beyond a reasonable doubt. We agree.

When speaking of the trial court's discretion to impose the upper term, section 1170, subdivision (b)(1) through (3), as amended by Senate Bill No. 567, provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term."[2] By its plain meaning, the provision does not provide for a presumption that a trial court must exercise its discretion in a certain way. Instead, the Legislature created a rule *limiting* a trial court's discretion to impose the upper term in cases where no aggravating factor has been proven beyond a reasonable doubt or otherwise stipulated to by the defendant.

Given that subdivision (b)(1) through (3) of section 1170 is silent regarding the court's discretion, the newly-enacted provision leaves unchanged a trial court's discretion to impose the upper term of imprisonment based on a single aggravating factor (see *People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182; *People v. Osband* (1996) 13 Cal.4th 622, 728 ["[o]nly a single aggravating factor is required to impose the upper term"]) and the sentence it believes to be appropriate to the case and the defendant being sentenced

---

**2**     Section 1170, subdivision (b)(1) through (3) provides: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions."

5

before it (see *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 ["A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria"]).

Here, the trial court cited as a circumstance in aggravation that defendant had three prior felony convictions to which he stipulated to as part of the factual basis of his pleas. Thus, the trial court properly relied on those convictions and exercised its discretion under newly enacted section 1170, by imposing the upper term of imprisonment on defendant's second degree robbery conviction.

In any event, because the error is purely one of state law, the harmless error test in *People v. Watson* (1956) 46 Cal.2d 818, 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) Thus, if a reviewing court concludes it is reasonably probable, beyond a reasonable doubt, that a jury, applying the beyond-a-reasonable-doubt standard, would have found true the aggravating circumstances relied on by the trial court, the error is harmless. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 839 [when the error is of federal magnitude, the error is harmless if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury].)

Here, the trial court believed defendant's case was not a low-term case. It decided to impose a sentence exceeding the low term based on several circumstances, including the manner by which defendant committed the offense. Given the subjective nature of this specific aggravating circumstance, we cannot say a jury would have found that circumstance true beyond a reasonable doubt. (See *People v. Sandoval*, *supra*, 41 Cal.4th at pp. 839-840 ["to the extent a potential aggravating circumstance at issue in a particular

6

case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court"].)

Under newly enacted section 1170, subdivision (b)(1) through (3), however, the trial court is still permitted to rely on unproven circumstances when deciding to elevate a defendant's sentence above the lower term. It is just those circumstances the court relies on to "justify the imposition of a term of imprisonment exceeding the middle term" that must be proven or otherwise stipulated. (§ 1170, subd. (b)(1)-(3).) For this reason, we disagree with the holding of *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-466, requiring a reviewing court to "conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied*."

The trial court's sentencing decision focused predominantly on defendant's numerous prior convictions, as well as his unsatisfactory performance on probation. The fact of defendant's prior convictions and prior unsatisfactory performance on probation were readily discernable from the pretrial release reports and presentence reports prepared by probation. While these reports are not certified records, the information contained in them was agreed to by defendant to be the factual basis of his pleas. Defendant had every opportunity and incentive to object to the trial court's reliance on those facts had the facts been incorrectly portrayed in the reports. Defendant's lack of objection demonstrates his prior convictions and unsatisfactory performance during probation is readily ascertainable from certified records and would be found true beyond a reasonable doubt by a trial court or jury. Given the true findings that will undoubtedly be found upon remand, it is clear the trial court will impose the same sentence utilizing the same justification it already did. For these reasons, remand is unnecessary.

7

## II

### *Credits*

Defendant also contends he is entitled to 120 days of credit in the robbery case, instead of the 81 days of presentence credit awarded. The people agree.

The court calculated 71 actual days of credit in the first case. This appears to come from the probation report, which calculated defendant's time served between his arrest on December 5, 2020, and release on February 3, 2021, as 27 days. This should be 61 days, for an additional 34 days. This makes defendant's actual time served on the first case as 105 days, with 15 additional days (§ 2933.1), for total credits of 120 days.

## DISPOSITION

The trial court is directed to correct the August 9, 2021, abstract of judgment to reflect 105 days of actual custody credit and 15 days of conduct credit, for a total award of 120 days for case No. CRF202660 and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment, as modified, is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hull, J.

/s/
Boulware Eurie, J.

8